UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ROSEBUD SIOUX TRIBE and their members, OGALALA SIOUX TRIBE and their members, and FOUR DIRECTIONS, INC., | ) ) ) ) | 5:20-cv-05058-LLP |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ANSWER |
| STEVE BARNETT, in his official capacity as Secretary of State for the State of South Dakota and Chairperson of the South Dakota State Board of Elections; LAURIE GILL, in her official capacity as Cabinet Secretary for the South Dakota Department of Social Services; MARCIA HULTMAN, in her official capacity as Cabinet Secretary for the South Dakota Department of Labor and Regulation; and CRAIG PRICE, in his official capacity as Cabinet Secretary for the South Dakota Department of Public Safety, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Defendants, Barnett, Gill, Hultman, and Price (Defendants), by and through the undersigned counsel, and hereby and herein submit the following Answer to the Complaint.

1. Plaintiffs Complaint Fails to state a claim upon which relief may be granted, and accordingly, the Complaint should be dismissed.

2. Plaintiffs do not have standing to bring their Complaint on behalf of individual voters, have not demonstrated an ongoing injury in fact, their issues raised are moot, and accordingly, the Complaint should be dismissed.

3. Defendants deny each and every allegation contained in Plaintiffs' Complaint except as otherwise specifically admitted herein, and remits Plaintiffs to a strict proof thereof.

4. Paragraph 1 is Plaintiffs characterization of its claim and requires no response.

5. Defendants deny Paragraph 2 in its entirety. Defendants object to the characterization that South Dakota is depriving any citizen of this state his or her opportunities to register to vote or to change their voter registration address.

6. Paragraph 3 is Plaintiffs' recitation of the history and purpose of the National Voter Registration Act and does not require a response.

7. Paragraph 4 is Plaintiffs' summary of the requirements of Sections 5 and 7 of the National Voter Registration Act. This paragraph does not require a response as the law speaks for itself.

8. Paragraph 5 is Plaintiffs' summary of covered transactions under Sections 5 and 7 of the National Voter Registration Act. This paragraph does not require a response as the law speaks for itself

9. Defendants admit the first sentence of Paragraph 6 to the extent that Plaintiffs' sent a letter to Defendants dated May 20, 2020, alleging noncompliance with the National Voter Registration Act. Defendants, however,

deny the second sentence of Paragraph 6 that the response sent by DSS was the sole response or that it lacked specific steps or timeframes. Defendants admit the first part of the third sentence in Paragraph 6 that Plaintiffs sent a second letter dated June 26, 2020, and that Defendants did not respond to that letter. Defendants further deny the last clause of Paragraph 6 stating that Defendants have failed to correct any alleged violations.

10. Paragraph 7 lists Plaintiffs' requests for relief and does not require a response.

11. Paragraph 8 is a legal argument which does not require a response.

12. Defendants deny Paragraph 9 and assert that this Court does not have subject matter jurisdiction. Subject matter jurisdiction is challenged on standing and mootness grounds.

13. Defendants admit Paragraph 10 to the extent that Plaintiffs have correctly identified the statute empowering this Court with the authority to grant declaratory and injunctive relief.

14. Defendants admit Paragraph 11 that this Court has personal jurisdiction over South Dakota residents.

15. Defendants admit Paragraph 12, stating that venue is proper.

16. Defendants admit Paragraph 13 that Plaintiffs have correctly characterized the Ogalala Sioux Tribe.

17. Defendants admit Paragraph 14, describing the location of the Pine Ridge Indian Reservation, with the exception that only portions of Bennett County currently constitute reservation land.

18. Defendants are without sufficient information to admit or deny Paragraph 15.

19. Defendants admit Paragraph 16 that Plaintiffs have correctly characterized the Rosebud Sioux Tribe.

20. Defendants admit Paragraph 17, describing the location of the Rosebud Indian Reservation.

21. Defendants are without sufficient information to admit or deny Paragraph 18.

22. Defendants are without sufficient information to admit or deny Paragraphs 19 through 23, but deny any allegation that they have violated the NVRA.

23. Defendants admit Defendant Barnett is the Chief Election Officer in South Dakota pursuant to 52 U.S.C. § 20509 and SDCL 12-4-33 and that this suit is brought against him in his official capacity as stated in Paragraph 24.  Defendants, however, deny that Defendant Barnett's responsibilities include ensuring that South Dakota's public assistance agencies and the Department of Public Safety satisfy their National Voting Registration Act obligations as stated in Paragraph 24.

24. Defendants admit Paragraphs 25 through 27.

25. Paragraph 28 does not require a response as the law speaks for itself.

26. Paragraph 29 states the purpose of 52 U.S.C. § 20504. This paragraph does not require a response as the law speaks for itself.

27. Paragraph 30 is Plaintiffs' summary of the requirements of the National Voter Registration Act and does not require a response.

28. Paragraph 31 is Plaintiffs' summary of the requirements of 52 U.S.C. § 20504. This paragraph does not require a response as the law speaks for itself. Defendants note that this section allows the State to obtain "the minimum amount of information necessary to . . . (i) prevent duplicate voter registrations; and (ii) allow State election officials to assess the eligibility of the applicant and to administer voter registration and other parts of the election process[.]"

29. Paragraph 32 does not require a response as the law speaks for itself.

30. Admit Paragraph 33 to the extent that Plaintiffs accurately quote 52 U.S.C. § 20504(a)

31. Paragraphs 34 through 36 do not require a response as the law speaks for itself.

32. Defendants deny Paragraph 37.

33. Defendants admit the first sentence of Paragraph 38 but deny the remainder of Paragraph 38.

34. Defendants deny that the statement described in Paragraph 39 is a requirement of the National Voter Registration Act.

35. Defendants deny the first sentence of Paragraph 40.  The remainder of Paragraph 40 constitutes a legal argument which does not require a response.

36. Paragraph 41 does not require a response as the law speaks for itself.

37. Defendants deny Paragraph 42.

38. Defendants deny Paragraph 43.  DPS trains its employees in compliance with SDCL 12-4-5.4.

39. Paragraph 44 constitutes a legal argument which does not require a response; however, Defendants again deny that individuals are excluded from opportunities to register to vote if they are without a SD driver's license or social security number.

40. Defendants deny Paragraph 45.  DPS does not have an office in Dupree.  The Zeibach County Treasurer administers driver's license applications.  DPS offers training but has no control over whether it is utilized or implemented.

41. As to Paragraph 46, Defendants deny that there is a DPS office in Dupree.

42. Defendants deny the assertions in Paragraph 47 that voter registration services are not provided to those in Ziebach County.  The

remainder of the paragraph constitutes legal argument which does not require a response.

43. Paragraph 48 constitutes a legal argument which does not require responses.

44. Defendants deny Paragraph 49.

45. Defendants deny Paragraph 50.

46. Defendants admit Paragraph 51 to the extent that the National Voter Registration Act requires South Dakota to designate voter registration agencies and that Plaintiffs correctly list the state's public assistances offices.

47. Defendants admit Paragraph 52 to the extent that Plaintiffs correctly characterize the listed transactions as covered transactions and correctly state that the requirements of the National Voter Registration Act apply to both in person and remote transactions.

48. Paragraph 53 provides Plaintiffs' summary of Section 5 of the National Voter Registration Act.  This paragraph does not require a response as the law speaks for itself.

49. Paragraph 54 is a legal argument which does not require a response.

50. Paragraph 55 is a legal argument which does not require a response.

51. Defendants admit Paragraph 56 to the extent that it is an accurate reflection of the data reported by South Dakota.

52. Defendants are without sufficient information to admit or deny the first sentence of Paragraph 57. Defendants admit the remainder of Paragraph 57 to the extent that it is an accurate reflection of the data reported by South Dakota.

53. Defendants are without sufficient information to admit or deny Paragraph 58.

54. Defendants are without sufficient information to admit or deny Paragraph 59.

55. Defendants deny Paragraph 60 as the conclusions drawn by Plaintiffs are purely speculative and argumentative at best.

56. Defendants deny the first sentence of Paragraph 61 as they are not in violation of the NVRA. With regard to the second sentence, Defendants deny that information or assistance is not provided to an individual who leaves the Voter Preference Question blank.

57. Paragraph 62 constitutes a legal argument which does not require a response.

58. Defendants are without sufficient information to admit or deny Paragraphs 63 through 66. Defendants affirm that additional training has been conducted with DSS staff to ensure all employees are operating in compliance with the National Voter Registration Act.

59. Paragraph 67 constitutes a legal argument which does not require a response.

60. Defendants are without sufficient information to admit or deny Paragraphs 68 and 69.

61. The first and second sentence of Paragraph 70 constitute a legal argument which does not require a response. Defendants deny the third sentence of Paragraph 70.

62. Defendants admit in Paragraph 71 that Form DSS-EA-214 does not include the Voter Preference Question. Defendants affirm that efforts to update benefit forms are ongoing to ensure compliance with the National Voter Registration Act. For instance, when forms have not been updated with the Voter Preference Question, DSS has begun including a voter registration form with the application packet.

63. Defendants are without sufficient information to admit or deny Paragraph 72. Defendants affirm that additional training has been conducted with DSS staff to ensure all employees are operating in compliance with the National Voter Registration Act. Defendants further affirm that efforts to update benefit forms are ongoing to ensure compliance with the National Voter Registration Act. For instance, when forms have not been updated with the Voter Preference Question, DSS has begun including a voter registration form with the application packet.

64. Defendants deny Paragraph 73. Defendants affirm that additional training has been conducted with DSS staff to ensure all employees are operating in compliance with the National Voter Registration Act.

65. Defendants deny Paragraph 74. Defendants affirm that additional training has been conducted with DSS staff to ensure all employees are operating in compliance with the National Voter Registration Act.

66. Defendants deny Paragraph 75.

67. Paragraph 76 constitutes a legal argument which does not require a response.

68. Defendants admit Paragraph 77 that the forms do not include the Voter Preference Question but deny that it constitutes a violation of the NVRA. DSS includes a voter registration form with the application packet for forms which have not been updated with the Voter Preference Question.

69. Defendants deny Paragraph 78.

70. Defendants are without sufficient information to admit or deny Paragraphs 79 and 80.

71. Defendants deny any allegation that it has a practice of violating the NVRA. Furthermore, Paragraph 81 constitutes a legal argument which does not require a response.

72. Defendants are without sufficient information to admit or deny Paragraphs 82.

73. Defendants deny Paragraph 83.

74. Defendants deny Paragraph 84 to the extent that it asserts Defendants engage in a pattern of violating the NVRA. The remainder of the paragraph constitutes a legal argument which does not require a response.

75. Defendants deny Paragraph 85.

76. Defendants admit Paragraph 86.

77. Defendants are without sufficient information to admit or deny to verify the data provided in Paragraph 87.

78. Defendants are without sufficient information to admit or deny Paragraphs 88.

79. Paragraph 89 constitutes a legal argument which does not require a response.

80. Defendants admit Paragraph 90.

81. Defendants deny Paragraph 91.

82. Defendants are without sufficient information to admit or deny Paragraph 92.

83. Defendants deny Paragraph 93 to the extent that it asserts that DSS's practices are in violation of the NVRA. The remainder of the paragraph constitutes a legal argument which does not require a response.

84. Defendants admit that Plaintiffs have accurately quoted SDCL 12-4-5 in the first sentence of Paragraph 94. Deny the remainder of Paragraph 94.

85. Defendants admit Paragraph 95 is an accurate statement as to the SNAP and TANF manuals prior to their being updated during the September and October of 2020. Defendants affirm that the DSS Policy Manuals have been updated and additional training has been conducted with DSS staff to insure all employees are operating in compliance with the National Voter Registration Act.

11

86. Paragraph 96 constitutes a legal argument which does not require a response.

87. Defendants deny Paragraph 97.

88. Defendants deny the allegation in Paragraph 98 that DSS fails to require timely submissions.

89. Defendants deny Paragraph 99 that the DSS office in Rapid City does not offer voter registration forms. Defendants affirm that efforts to update benefit forms are ongoing to ensure compliance with the National Voter Registration Act. For forms that have not been updated with the Voter Preference Question, DSS has begun including a voter registration form with the application packet.

90. Defendants deny the allegation in Paragraph 100 that there is a practice of violating the NVRA.

91. Defendants are without sufficient information to admit or deny Paragraph 101. Defendants affirm that additional training has been conducted with DSS staff to ensure all employees are operating in compliance with the National Voter Registration Act.

92. Paragraph 102 constitutes a legal argument which does not require a response.

93. Admit Paragraphs 103 through 105.

94. Defendants admit Paragraphs 106 through 109 to the extent that DLR staff do not address voter registration with clients because DSS staff deal with voter registration earlier in the application process.

95. Paragraphs 110 through 117 constitute legal arguments which do not require responses.

96. Defendants admit that Plaintiffs have accurately quoted the cited document in Paragraph 118.

97. Defendants deny Paragraph 119.

98. Defendants are without sufficient information to admit or deny Paragraphs 120 through 124.

99. Defendants admit Paragraph 125 to the extent that Plaintiffs have accurately stated the requirements of the National Voter Registration Act.

100. Defendants admit Paragraph 126.

101. Defendants admit Paragraph 127 to the extent that DSS sent a response letter dated June 8, 2020.  Deny the remainder of Paragraph 127.

102. Defendants deny Paragraph 128.

103. Paragraphs 129 through 138 constitute legal arguments which do not require responses.

AFFIRMATIVE DEFENSES

1. Defendants affirmatively allege that Plaintiff has failed to state a claim upon which relief can be granted.

2. Defendants affirmatively allege this Court lacks subject matter jurisdiction because Plaintiff lacks standing to bring their Complaint on behalf of individual voters, have not demonstrated an ongoing injury in fact, and the issues raised are moot.

3.     Defendants are immune from suit based on sovereign and governmental immunity to the extent of any state law claims.

4.     Defendants have no intent, purpose, or deliberate indifference on their part to deny Plaintiff its constitutional or statutory rights, or any rights alleged to have been deprived by the Complaint, and Plaintiff is barred from any relief herein.

5.     Waiver and laches.

WHEREFORE, for the reasons stated above, Defendants respectfully request that Plaintiffs' request for declaratory and injunctive relief be denied in all respects and that Plaintiffs' Complaint be dismissed with prejudice, in its entirety, and judgment be entered in favor of Defendants.  Defendants further request recovery of their costs and disbursements, and for such other and further relief that the Court deems proper and just.  In the event this matter proceeds to trial, Defendants hereby demand a trial by jury on all issues pursuant to Fed. R. Civ. P. 38(b)(1).

Dated this 19th day of November, 2020.

*/s/ Grant Flynn*
Grant Flynn
Assistant Attorney General
Office of Attorney General
1302 E. Highway 14, Suite 1
Pierre, South Dakota 57501-8501
Telephone:  (605) 773-3215
E-mail:  grant.flynn@state.sd.us

usdc_RST, et al. v. Barnett, et al – Answer (jm)