UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ROSEBUD SIOUX TRIBE and their members, OGALALA SIOUX TRIBE and their members, and LAKOTA PEOPLE'S LAW PROJECT, Kimberly Dillion, and Hoksila White Mountain, | ) ) ) ) ) ) | 5:20-cv-05058-LLP |
| Plaintiffs, | ) ) ) | ANSWER TO AMENDED COMPLAINT |
| v. | ) ) | |
| STEVE BARNETT, in his official capacity as Secretary of State for the State of South Dakota and Chairperson of the South Dakota State Board of Elections; LAURIE GILL, in her official capacity as Cabinet Secretary for the South Dakota Department of Social Services; MARCIA HULTMAN, in her official capacity as Cabinet Secretary for the South Dakota Department of Labor and Regulation; and CRAIG PRICE, in his official capacity as Cabinet Secretary for the South Dakota Department of Public Safety, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendants, Barnett, Gill, Hultman, and Price (Defendants), by and through the undersigned counsel, and hereby and herein submit the following Answer to the Amended Complaint.

1

1.     Defendants deny each and every allegation contained in Plaintiffs' Amended Complaint except as otherwise specifically admitted herein, and remits Plaintiffs to a strict proof thereof.

2.     Paragraph 1 states Plaintiffs' request for relief and, as such, no response is required.  To the extent a response is appropriate, it is denied that Defendants have had past and ongoing violations of the "Motor Voter" and agency-based voter registration requirements of the National Voter Registration Act of 1993, 52 U.S.C. §§ 20501-20511. ("NVRA") and, as such, it is denied that Plaintiffs have need for an adequate remedy at law under the NVRA.

3.     Defendants deny Paragraph 2 in its entirety.  Defendants object to the characterization that South Dakota is depriving any citizen of this state his or her opportunities to register to vote or to change their voter registration addresses.

4.     Paragraph 3 is Plaintiffs' recitation of the history and purpose of the NVRA and does not require a response.

5.     Paragraph 4 is Plaintiffs' summary of the requirements of Sections 5 and 7 of the NVRA.  This paragraph does not require a response as the law speaks for itself.  Defendants deny all other allegations contained in Paragraph 4.

6.     Paragraph 5 is Plaintiffs' summary of covered transactions under Sections 5 and 7 of the NVRA.  This paragraph does not require a response as the law speaks for itself.

7.      Defendants admit the first sentence of Paragraph 6 to the extent that counsel for Plaintiffs Rosebud Sioux Tribe and Oglala Sioux Tribe sent a letter to Defendants dated May 20, 2020, alleging noncompliance with Section 5 and Section 7 of the NVRA.  Defendants, however, deny that the response sent by DSS was the sole response or that it lacked specific steps or timelines.  Defendants admit that counsel for Plaintiffs Rosebud Sioux Tribe and Oglala Sioux Tribe sent a second letter dated June 26, 2020, and that Defendants did not respond to that letter.  Defendants deny that they have failed to correct any alleged violations.  Defendants deny all other allegations in Paragraph 6.

8.      Paragraph 7 recites the filing dates of the original Plaintiffs' Complaint and the Defendants' Answer and that Plaintiffs have filed an Amended Complaint and does not require a response as the record speaks for itself.

9.      Paragraph 8 lists Plaintiffs' requests for relief and does not require a response.  To the extent a response is deemed required, this paragraph is denied.

10.     Paragraph 9 is a legal argument which does not require a response.  To the extent a response is deemed required, this paragraph is denied.

11.     Defendants deny Paragraph 10 and assert that this Court does not have subject matter jurisdiction.  Subject matter jurisdiction is challenged on standing and mootness grounds.

12.     Defendants admit Paragraph 11 to the extent the Plaintiffs have correctly identified the statute empowering this Court with the authority to grant declaratory and injunctive relief.

13.     Defendants admit Paragraph 12 that this Court has personal jurisdiction over South Dakota Residents.

14.     Defendants admit Paragraph 13 stating that venue is proper.

15.     Defendants admit Paragraph 14 that Plaintiffs have correctly characterized the Oglala Sioux Tribe.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and the allegations are denied on that basis.

17.     Defendants admit Paragraph 16 describing the location of the Pine Ridge Indian Reservation.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and the allegations are denied on that basis.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and the allegations are denied on that basis.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and the allegations are denied on that basis.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and the allegations are denied on that basis.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and the allegations are denied on that basis.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and the allegations are denied on that basis.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and the allegations are denied on that basis.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and the allegations are denied on that basis.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and the allegations are denied on that basis.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and the allegations are denied on that basis.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and the allegations are denied on that basis.

29.     Defendants deny Paragraph 28.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and the allegations are denied on that basis.

31.     Paragraph 30 is Plaintiff's statement on who the Oglala Sioux Tribe is bringing their action on behalf of and does not require a response.  To the extent that a response is require Defendants deny paragraph 30.

32.     Defendants admit Paragraph 31 that Plaintiffs have correctly characterized the Rosebud Sioux Tribe.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and the allegations are denied on that basis.

34.     Defendants admit Paragraph 33, describing the location of the Rosebud Indian Reservation.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and the allegations are denied on that basis.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, and the allegations are denied on that basis.

6

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and the allegations are denied on that basis.

38.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and the allegations are denied on that basis.

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and the allegations are denied on that basis.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and the allegations are denied on that basis.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and the allegations are denied on that basis.

42.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and the allegations are denied on that basis.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, and the allegations are denied on that basis.

44.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and the allegations are denied on that basis.

45.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, and the allegations are denied on that basis.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45, and the allegations are denied on that basis.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and the allegations are denied on that basis.

48.     The allegations contained in Paragraph 47 are denied.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48, and the allegations are denied on that basis.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49, and the allegations are denied on that basis.

51.     Paragraph 50 is Plaintiff's statement on who the Rosebud Sioux Tribe is bringing their action on behalf of and does not require a response.  To the extent that a response is required Defendants deny Paragraph 50.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51, and the allegations are denied on that basis.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52, and the allegations are denied on that basis.

54.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53, and the allegations are denied on that basis.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54, and the allegations are denied on that basis.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55, and the allegations are denied on that basis.

57.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56, and the allegations are denied on that basis.

58.     Defendants deny the allegations in Paragraph 57 alleging Defendants have ongoing violations of the NVRA and Defendants are noncompliant with the NVRA.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57, and the remaining allegations are denied on that basis.

9

59.     Defendants deny the allegations in Paragraph 58 alleging Defendants have not complied with their obligations under the NVRA and Defendants have ongoing violations.  Defendants lack knowledge or information sufficient to form a belief about their truth of the remaining allegations in Paragraph 58, and the remaining allegations are denied on that basis.

60.     As to Paragraph 59, Defendants deny the second sentence and as to any other allegations contained in Paragraph 59, Defendants lack knowledge or information sufficient to form a belief about their truth, and the allegations are denied on that basis.

61.     Defendants deny the second sentence of Paragraph 60, and as to any other allegations contained in Paragraph 60, Defendants lack knowledge or information sufficient to form a belief about their truth, and the allegations are denied on that basis.

62.     Defendants deny Paragraph 61.

63.     As to Paragraph 62, Defendants deny the third sentence and as to any other allegations contained in Paragraph 62, Defendants lack knowledge or information sufficient to form a belief about their truth, and the allegations are denied on that basis.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63, and the allegations are denied on that basis.

65.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64, and the allegations are denied on that basis.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65, and the allegations are denied on that basis.

67.     Defendants deny Paragraph 66.

68.     Defendants admit Defendant Barnett is the Chief Election Officer in South Dakota pursuant to 52 U.S.C. § 20509 and SDCL 12-4-33 and that this suit is brought against him in his official capacity as stated in Paragraph 67.  Defendants, however, deny that Defendant Barnett's responsibilities include ensuring that South Dakota's public assistance agencies and the Department of Public Safety satisfy their National Voting Registration Act obligations as stated in Paragraph 67.

69.     Defendants admit Paragraph 68.

70.     Defendants admit Paragraph 69.

71.     Defendants admit Defendant Marcia Hultman is Cabinet Secretary for the South Dakota Department of Labor and Regulation ("DLR"), that suit is brought against her in her official capacity, and that South Dakota's TANF program is subject to the requirements of Section 7 of the NVRA as stated Paragraph 70.  Defendants deny any remaining allegations stated in Paragraph 7 and specifically denies that DLR is a voter registration agency

11

within the meaning of Section 7 of the NVRA and specifically denies that DLR co-administers South Dakota's TANF program with DSS.

72.     Paragraph 71 does not require a response as the law speaks for itself.

73.     Paragraph 72 states the purpose of 52 U.S.C. § 20504.  This paragraph does require a response as the law speaks for itself.

74.     Paragraph 73 is Plaintiff's summary of the requirements of the NVRA and does not require a response.

75.     Paragraph 74 is Plaintiffs' summary of the requirements of the 52 U.S.C. § 20504.  This paragraph does not require a response as the law speaks for itself.  Defendants note that his section allows the State to obtain "the minimum amount of information necessary to . . . (i) prevent duplicate voter registrations; and (ii) enable State election officials to assess the eligibility of the applicant and to administer voter registration and other parts of the election process[.]"

76.     Paragraph 75 does not require a response as the law speaks for itself.

77.     Paragraph 76 does not require a response as the law speaks for itself.

78.     Paragraph 77 does not require a response as the law speaks for itself.

79.     Paragraph 78 does not require a response as the law speaks for itself.

80.     Paragraph 79 does not require a response as the law speaks for itself.

81.     Defendants deny Paragraph 80.

82.     Defendants admit the first sentence of Paragraph 81 but deny the remainder of Paragraph 81.

83.     Defendants deny that the statement described in Paragraph 82 is a requirement of the NVRA.

84.     Defendants deny Paragraph 83.

85.     Paragraph 84 does not require a response as the law speaks for itself.

86.     Defendants deny Paragraph 85.

87.     Defendants deny Paragraph 86.

88.     Paragraph 87 constitutes a legal argument which does not require a response; however, Defendants deny that individuals are excluded from opportunities to register to vote if they are without a SD driver's license or social security number.

89.     Defendants deny Paragraph 88.  DPS does not have an office in Dupree.  The Ziebach County Treasurer administers driver's license applications.  DPS offers training but has no control over whether it is utilized or implemented.

90.     As to Paragraph 89, Defendants deny that there is a DPS office in Dupree.

91.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90, and the allegations are denied on that basis.

92.     Defendants deny the assertions in Paragraph 91 that voter registration services are not provided to those in Ziebach and Corson County. The remainder of Paragraph 91 constitutes a legal argument which does not require a response.

93.     Paragraph 92 constitutes a legal argument which does not require a response.

94.     Defendants deny Paragraph 93.

95.     Defendants deny Paragraph 94.

96.     Defendants admit the first sentence of Paragraph 95 to the extent that the National Voter Registration Act requires South Dakota to designate voter registration agencies.  Defendants deny that portion of the second sentence of Paragraph 95 that states DLR administers the programs and that DLR is a voter registration assistance agency.

97.     Defendants admit Paragraph 96 to the extent that Plaintiffs correctly characterize the listed transactions as covered transactions and correctly state that the requirements of the NVRA apply to both in person and remote transactions.

98.     Paragraph 97 provides Plaintiffs' summary of Section 5 of the NVRA.  This paragraph does not require a response as the law speaks for itself.

99.    Paragraph 98 is a legal argument which does not require a response.

100.    Paragraph 99 is a legal argument which does not require a response.

101.    Defendants admit paragraph 100 to the extent that it is an accurate reflection of the data reported.

102.    Defendants are without sufficient information to admit or deny the first sentence of Paragraph 101.  Defendants admit the remainder of Paragraph 101 to the extent that it is an accurate reflection of the data reported by South Dakota.

103.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102, and the allegations are denied on that basis.

104.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103, and the allegations are denied on that basis.

105.    Defendants deny Paragraph 104.

106.    Defendants deny Paragraph 105.

107.    Paragraph 106 constitutes a legal argument which does not require a response.

108.    Defendants deny Paragraph 107.

109.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108, and the allegations are denied on that basis.

110.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109, and the allegations are denied on that basis.

111.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110, and the allegations are denied on that basis.

112.   Paragraph 111 constitutes a legal argument which does not require a response.

113.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112, and the allegations are denied on that basis.

114.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113, and the allegations are denied on that basis.

115.   The first and second sentence of Paragraph 114 constitute a legal argument which does not require a response.  Defendants deny the third sentence of Paragraph 114.

116.   Defendants admit in Paragraph 115 that Form DSS-EA-214 does not include the Voter Preference Question.  Defendants affirm that efforts to update benefit forms are ongoing to ensure compliance with the NVRA.  For

16

instance, when forms have not been updated with the Voter Preference Question, DSS has begun including a voter registration form with application packet.

117.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116.  Defendants affirm that additional training has been conducted with DSS staff to ensure all employees are operating in compliance with the NVRA.  Defendants further affirm that efforts to update benefit forms are ongoing to ensure compliance with the NVRA.  For instance, when forms have not been updated with the Voter Preference Questions, DSS has begun including a voter registration from with the application packet.

118.   Defendants deny Paragraph 117.

119.   Defendants deny Paragraph 118.

120.   Defendants deny Paragraph 119.

121.   Paragraph 120 constitutes a legal argument which does not require a response.

122.   Defendants deny paragraph 121 that the Voter Preference Question is not included in the Childcare Service Assistance Application. Defendants admit Paragraph 121 that the LIEAP and Medicaid/CHIP application forms do not include the Voter Preference Question but deny that it constitutes a violation of the NVRA.  DSS includes a voter registration from with the application packet for forms which have not been updated with the Voter Preference Question.

123.   Defendants deny Paragraph 122.

124.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123, and the allegations are denied on that basis.

125.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 124, and the allegations are denied on that basis.

126.   Defendants deny any allegation in Paragraph 125 that it has a practice of violating the NVRA.  The remainder of Paragraph 125 constitutes a legal argument which does not require a response.

127.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126, and the allegations are denied on that basis.

128.   Defendants deny Paragraph 127.

129.   Defendants deny Paragraph 128 to the extent that it asserts Defendants engage in a pattern of violating the NVRA.  The remainder of the paragraph constitutes a legal argument which does not require a response.

130.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129, and the allegations are denied on that basis.

131.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130, and the allegations are denied on that basis.

132.   Paragraph 131 constitutes a legal argument which does not require a response.

133.   Defendants deny Paragraph 132.

134.   Defendants admit Paragraph 133.

135.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134, and the allegations are denied on that basis.

136.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135, and the allegations are denied on that basis.

137.   Paragraph 136 constitutes a legal argument which does not require a response.

138.   Defendants admit Paragraph 137.

139.   Defendants deny Paragraph 138.

140.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139, and the allegations are denied on that basis.

141.   Defendants deny Paragraph 140 to the extent that it asserts that DSS's practices are in violation of the NVRA.  The remainder of the paragraph constitutes a legal argument which does not require a response.

142.   Defendants deny Paragraph 141.

143.   Defendants deny Paragraph 142.

144.   Paragraph 143 constitutes a legal argument which does not require a response.

145.   Defendants deny Paragraph 144.

146.   Defendants deny the allegation in Paragraph 145 that DSS fails to require timely submissions.

147.   Defendants deny Paragraph 146.

148.   Defendants deny the allegation in Paragraph 147 that there is a practice of violating the NVRA.

149.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148, and the allegations are denied on that basis.  Defendants affirm that additional training has been conducted with DSS staff to ensure all employees are operating in compliance with the NVRA.

150.   Paragraph 149 constitutes a legal argument which does not require a response.  To the extent that a response is required Plaintiffs deny Paragraph 149.

151.   Defendants admit Paragraph 150.  However, the statement is incorrect as DLR does not administer TANF together with DSS.  DSS is a drop off location for TANF applications and does not assist in completing TANF applications.

152.   Defendants admit Paragraph 151.

153.   Defendants admit Paragraph 152 as to DSS.  Defendants deny Paragraph 152 as to DLR.

154.   Defendants admit Paragraph 153 to the extent that DLR staff does not address voter registration with clients because DLR does not complete or assist in completing TANF applications.  DSS staff deal with voter registration in the TANF application process applications.

155.   Defendants admit Paragraph 154 to the extent that DLR staff does not address voter registration with clients because DLR does not complete or assist in completing TANF applications.  DSS staff deal with voter registration in the TANF application process.

156.   Defendants admit Paragraph 155 to the extent that DLR staff does not address voter registration with clients because DLR does not complete or assist in completing TANF applications.  DSS staff deal with voter registration in the TANF application process.

157.   Defendants admit Paragraph 156 to the extent that DLR staff does not address voter registration with clients because DLR does not complete or assist persons in completing TANF applications.  DSS staff deal with voter registration in the application.

158.   Paragraph 157 constitutes a legal argument which does not require a response.  To the extent that a response is required Plaintiffs deny Paragraph 157.

159.   Paragraph 158 constitutes a legal argument which does not require a response.  To the extent that a response is required Plaintiffs deny Paragraph 158.

160.   Paragraph 159 constitutes a legal argument which does not require a response.  To the extent that a response is required Plaintiffs deny Paragraph 159.

161.   Paragraph 160 constitutes a legal argument which does not require a response.  To the extent that a response is required Plaintiffs deny Paragraph 160.

162.   Paragraph 161 constitutes a legal argument which does not require a response.  To the extent that a response is required Plaintiffs deny Paragraph 161.

163.   Paragraph 162 constitutes a legal argument which does not require a response.  To the extent that a response is required Plaintiffs deny Paragraph 162.

164.   Paragraph 163 constitutes a legal argument which does not require a response.  To the extent that a response is required Plaintiffs deny Paragraph 163.

165.   Paragraph 164 constitutes a legal argument which does not require a response.

166.   Defendants admit that Plaintiffs have accurately quoted the cited document in Paragraph 165.

167.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 166, and the allegations are denied on that basis.

168.   Defendants deny Paragraph 167.

169.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 168, and the allegations are denied on that basis.

170.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 169, and the allegations are denied on that basis.

171.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170, and the allegations are denied on that basis.

172.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 171, and the allegations are denied on that basis.

173.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 172, and the allegations are denied on that basis.

174.   Defendants admit Paragraph 173 to the extent that Plaintiffs have accurately stated the requirements of the National Voter Registration Act.

175.   Defendants admit Paragraph 174.

176.   Defendants admit Paragraph 175 to the extent that DSS sent a response letter dated June 8, 2020.  Defendants deny the remainder of Paragraph 175.

177.   Defendants deny Paragraph 176.

178.   Paragraph 177 constitutes a legal argument which does not require a response.  To the extent a response is required Plaintiffs deny paragraph 177.

179.   Paragraph 178 constitutes a legal argument which does not require a response.  To the extent a response is required Plaintiffs deny Paragraph 178.

180.   Paragraph 179 constitutes a legal argument which does not require a response.  To the extent a response is required Plaintiffs deny Paragraph 179

181.   Paragraph 180 constitutes a legal argument which does not require a response.  To the extent a response is required Plaintiffs deny Paragraph 180.

182.   Paragraph 181 constitutes a legal argument which does not require a response.  To the extent a response is required Plaintiffs deny Paragraph 181.

183.   Paragraph 182 constitutes a legal argument which does not require a response.  To the extent a response is required Plaintiffs deny Paragraph 182.

184.   Paragraph 183 constitutes a legal argument which does not require a response.  To the extent a response is required Plaintiffs deny Paragraph 183.

185.   Paragraph 184 constitutes a legal argument which does not require a response.  To the extent a response is required Plaintiffs deny Paragraph 184

186.   Paragraph 185 constitutes a legal argument which does not require a response.  To the extent a response is required Plaintiffs deny Paragraph 185.

187.   Paragraph 186 constitutes a legal argument which does not require a response.  To the extent a response is required Plaintiffs deny Paragraph 186.

WHEREFORE, having answered Plaintiffs' Amended Complaint, Defendants raise the following defenses, including affirmative defenses.

1.     Defendants affirmatively allege Plaintiffs fail to state a claim upon which relief can be granted.

2.     Defendants affirmatively allege this Court lacks subject matter jurisdiction because Plaintiff lacks standing to bring their Complaint on behalf of individual voters, have not demonstrated an ongoing injury in fact, and the issues raised are moot.

3.     Defendants are immune from suit based on sovereign and governmental immunity to the extent of any state law claims.

4.     Defendants have no intent, purpose, or deliberate indifference on their part to deny Plaintiffs its constitutional or statutory rights, or any rights alleged to have been deprived by the Complaint, and Plaintiff is barred from any relief herein.

5.     Waiver and laches bar Plaintiffs' claims.

6.     The Amended Complaint fails to establish that Defendants have failed to comply in any way with Sections 5 and 7 of the NVRA and accordingly, the Amended Complaint should be dismissed.

7.     Plaintiffs fail to establish Article III standing to bring an action under Sections 5 and 7 of the NVRA.  Specifically, Plaintiffs' Amended Complaint fails to establish the Defendants violated provisions outlined under Sections 5 and 7 of the NVRA in a manner that caused injury to the Plaintiffs that may be remedied by a favorable decision.

8.     Plaintiffs' claims for injunctive and declaratory relief are moot and this Court therefore lacks subject matter jurisdiction.

WHERFORE, for the reasons stated above, Defendants respectfully request that Plaintiffs' request for declaratory and injunctive relief be denied in all respects and that Plaintiffs' Amended Complaint be dismissed with prejudice, in its entirety, and judgment be entered in favor of Defendants. Defendants further request recovery of their costs and disbursements, and for such other and further relief that the Court deems proper and just.  In the event this matter proceeds to trial, Defendants hereby demand a trial by jury on all issues pursuant to Fed. R. Civ. P. 38(b)(1).

Dated this 24th day of August, 2021.


 */s/ Clifton E. Katz*
Clifton E. Katz
Assistant Attorney General
Office of the Attorney General
1302 East Highway 14, Suite 1
Pierre, South Dakota 57501-8501
Telephone: (605) 773-3215
Email: Clifton.Katz@state.sd.us

usdc_RST, et al. v. Barnett, et al – Answer to Amended Complaint (jm)

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2021, I electronically filed with the Clerk of the Court for the United States District Court for the Western Division by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Clifton E. Katz*
Clifton E. Katz
Assistant Attorney General

27